UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE:        SALLI-SUMMER REDING                    CASE NO. 6:05-bk-75759M
                                                     (CHAPTER 7)


JUSTEN WOOTEN                                              PLAINTIFF

VS.                          AP NO. 6:05-ap-07173

SALLI-SUMMER REDING                                       DEFENDANT


MEMORANDUM OPINION

Justen Wooten (Wooten) and Salli-Summer Reding (Debtor) were formerly husband and

wife, and they are parents of one minor child, born on April 15, 1999.  On September 28, 2000,

the parties were divorced pursuant to a decree of the Chancery Court of Garland County,

Arkansas.  (Defendant's Ex. 1.)  The divorce decree awarded custody of the minor child to his

father, Wooten, subject to reasonable visitation rights by the child's mother, the Debtor. This

provision is set out specifically in an appendix to the divorce decree.  (Defendant's Ex. 1.)  The

divorce decree, child custody, and visitation were determined by an agreement of the parties.

The Debtor agreed and was ordered to pay child support in the sum of $54.00 per week to

Wooten.

On August 5, 2005, the Debtor filed a voluntary petition for relief under the provisions of

Chapter 7 of the United States Bankruptcy Code.[1]  On November 7, 2005, Wooten filed a

---

[1]The petition was filed before the effective date of the Bankruptcy Abuse Prevention and
Consumer Protection Act ("BAPCPA").

1

complaint, pursuant to 11 U.S.C. § 523(a)(5), to determine the dischargeability of a debt owed by the Debtor in the sum of $4,145.00 arising out of litigation in the divorce decree of September 28, 2000.

After a trial on the merits in Hot Springs National Park, Arkansas, the matter was taken under advisement. The Court has jurisdiction under 28 U.S.C. § 1334 and § 157 (2005). The case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)(2005), and the Court may enter a final judgment in this case. The following shall constitute findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

I.

FACTS

Wooten testified that on two occasions the Debtor refused to return the parties' minor child to him after exercising visitation rights agreed to by the parties and that he incurred legal expenses in regaining custody. The Debtor made accusations against Wooten in which she questioned his fitness to be the custodial parent because of alleged physical and sexual abuse of the child.

The Debtor testified that on the occasion of one of her visitations she observed evidence of physical and sexual abuse that prompted her to file for change of custody in an ex parte motion  granted in May 2002. She said she had custody for approximately 14 months; Wooten testified she had custody for eight or nine months. Custody was returned to Wooten.

When the child was again not returned after a visitation with the Debtor, Wooten filed a petition for citation for contempt against the Debtor on March 1, 2004. (Plaintiff's Ex. 3.) On June 16, 2004, Wooten filed a petition for child support against the Debtor, citing a previous

2

Order of the Circuit Court of Garland County issued April 9, 2003 that suspended the previously ordered child support for one year. The April 9, 2003 Order is not part of the record. (Plaintiff's Ex. 4.)

On August 13, 2004, the Circuit Court of Garland County, Arkansas, found the Debtor in contempt of court and imposed a jail sentence of four days and awarded attorney's fees to Wooten in the total sum of $4,220.00 plus costs of $104.00. (Plaintiff's Ex. 5.) In the same Order, the circuit court fixed child support at $54.00 per week payable by the Debtor. (Plaintiff's Ex. 5.) Wooten testified that he has paid $2,970.00 to one of the attorneys.

The Debtor testified that she paid $75.00 to one of her ex-husband's attorneys in accordance with the August 13, 2004 Order. She acknowledged that she refused to return the minor child to Wooten because of her allegations of abuse. There is, however, no order in the record before the Court adjudicating the allegations of abuse.

The Debtor testified that her attorney did not attend the contempt hearing, but she had returned the child to Wooten. She said that there are currently pending motions in the Circuit Court of Garland County filed by both herself and Wooten. She said as far she knows the attorney's fees were incurred in connection with the child custody dispute and had nothing to do with child support. On cross-examination, she admitted that the attorney's fees were related to the allegations the Debtor had made against Wooten. She acknowledged that the outcome of the litigation in state court on August 13, 2004, resulted in the circuit court re-instituting her obligation to pay child support and the denial of her petition to change custody.

3

II.

DISCUSSION

The United States Bankruptcy Code, applicable to this case, provides in relevant part that "[a] discharge under Section 727 . . . of this title does not discharge an individual debtor from any debt . . . to a . . . former spouse, or child of a debtor, for . . . support of such . . . child, in connection with a . . . divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(5)(2005).

The issue of dischargeability of debt under 11 U.S.C. § 523(a)(5) is a matter of federal law governed by the United States Bankruptcy Code.  Williams v. Williams (In re Williams), 703 F.2d 1055, 1057 (8th Cir. 1983); 4 Collier on Bankruptcy ¶ 523.11[2] at 523-82 (Alan N. Resnick & Henry J. Sommers et al.  eds., 15th ed. rev. 2006).

The objecting creditor has the burden of proof to establish the nondischargeable nature of a claim arising out of a domestic relations proceeding.  Tarbox v. Tarbox (In re Tarbox), 234 B.R. 832, 836 (Bankr. S.D. Fla. 1999) (citing Cassata v. Cassata (In re Cassata), 119 B.R. 280, 282 (Bankr. M.D. Fla. 1990) (citing In re Long, 794 F.2d 928, 930 (4th Cir. 1986)); In re Carbia 113 B.R. 761, 762 (Bankr. S.D. Fla. 1990)).  Attorney's fees awarded in connection with matters concerning the custody and well-being of a child have been held to be nondischargeable.  See Stickland v. Shannon (In re Strickland), 90 F.3d 444, 447 (11th Cir. 1996) (holding attorney's fees arising from post-dissolution custody action constitutes support).  Whether an obligation for attorney's fees in connection with a nondischargeable debt for support may itself be nondischargeable is a question of fact to be determined by the bankruptcy court.  Boyle v. Donovan, 724 F.2d 681, 683 (8th Cir. 1984) (citing In re Williams, 703 F.2d at 1057-58; Cox v.

4

Cox (In re Cox), 292 B.R. 141, 147 (Bankr. E.D. Tex. 2003).  The crucial issue in determining whether the award was for support or maintenance is the function the award was intended to serve.  Adam v. Zentz, 963 F.2d 197, 200 (8th Cir. 1992) (citing In re Williams, 703 F.2d at 1057-58).

Here, the attorney's fees were incurred in connection with the questions of who should pay and who should receive child support and who should have custody.  The Debtor made serious allegations against Wooten concerning the welfare of the parties' minor child.  In that same hearing, the circuit court placed custody of the child with Wooten, and the Debtor was sent to jail and ordered to pay Wooten's attorney's fees.  The court also re-instituted child support to be paid by the Debtor to Wooten.  Because  the fees were incurred in connection with child support and the issue of the child's welfare, this Court finds they were intended to serve as support and, therefore, are nondischargeable.  Lowther v. Lowther (In re Lowther), 321 F.3d 946, 948 (10th Cir. 2002); In re Strickland, 90 F.3d at 447;  Adams, 963 F.2d at 200.

IT IS SO ORDERED.

_____
THE HON. JAMES G. MIXON
U.S. BANKRUPTCY JUDGE

DATE:  05/03/07
_____

cc:   Michael E. Sanders, Esq.
      Sherry Daves-Burnett, Esq.
      Debtor

5